UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| SANTIAGO ABREU, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-CV-243-JD |
| HAROLD'S CHICKEN SHACK #60, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are the parties' cross motions for summary judgment [DE 20; DE 22] concerning Plaintiff Santiago Abreu's claim that Defendant Harold's Chicken Shack #60, LLC, violated Title III of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et seq*. Having considered the parties' submissions [DE's 20-25], the motions for summary judgment [DE 20; DE 22] are STRUCK with leave to re-file at a later date so that jurisdiction may first be sufficiently established in accordance with the Court's discussion below.

## I. BACKGROUND

The facts asserted in the largely uncontested complaint, *see* Fed. R. Civ. P. 8(b)(6), establish that Harold's Chicken Shack #60 ("Harold's") is a public restaurant located at 6690 Broadway in Merrillville, Indiana. Defendant Santiago Abreu ("Abreu"), a resident of Palm Beach County, Florida, visited Harold's on March 24, 2016, both as a "bona fide patron" and "tester" of ADA compliance. However, Abreu was unable to fully and safely access Harold's pathway to the entrance, check-out counter, and men's restroom due to architectural barriers that prevented use of his wheelchair (which is needed on account of Abreu's suffering from multiple sclerosis and paraparesis). Thus, Abreu asks the Court to declare that Harold's is in violation of

the ADA, to enjoin Harold's from conducting business until the facility complies with the ADA, and to award the fees, costs, and expenses associated with the litigation.[1]

Rather than deny the alleged ADA violations, Harold's (owner) responded to the allegations by: (1) answering the complaint and contending that Abreu lacks standing to bring the ADA claim because he does not live near Indiana and is unlikely to revisit the restaurant [DE 19]; and (2) moving for summary judgment on the grounds that Harold's is not the party responsible for making the structural changes necessary to comply with the ADA because (based on an affidavit from the restaurant's operator [DE 21-1], which is the only evidence provided by either party for purposes of summary judgment), Harold's is merely leasing the premises. Because the former issue raises a legitimate concern over this Court's jurisdiction, the Court addresses the problems associated with plaintiff's standing. Even though the parties failed to directly raise the issue in their motions for summary judgment, the Court must engage in this jurisdictional inquiry. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction sua sponte, they must.") (citations omitted).

## II. STANDARD OF REVIEW

Summary judgment is proper when the movant shows that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a

---

[1] Despite referencing compensatory damages in the complaint's introductory paragraph, Abreu's prayer for relief did not seek the imposition of compensatory damages [DE 1 at ¶ 48 A-H], nor did Abreu's summary judgment filings address compensatory damages [DE 22; DE 23].

verdict for the nonmoving party." *Id*. Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

### III. DISCUSSION

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation by the owner, lessee, or operator of such a place. 42 U.S.C. § 12182(a). "The core meaning of this provision, plainly enough, is that the owner or operator of a store, hotel, restaurant, . . . or other facility (whether in physical space or in electronic space . . . ) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." *Doe v. Mut. of Omaha Ins. Co*., 179 F.3d 557, 559 (7th Cir. 1999) (internal citation omitted).

However, the Seventh Circuit has made it clear that in order for the Court to have jurisdiction over this claim, Abreu must have standing to bring it. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013) (addressing a claim under Title III of the ADA; "Standing to bring and maintain a suit is an essential component of this case-or-controversy requirement."). In order to establish standing, a plaintiff must show: "(1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). At least in the context of Title III of the ADA, the Seventh Circuit has stated

3

that to support a claim for prospective relief, "a plaintiff must allege past injury under the ADA; show that it is reasonable to infer from her complaint that this discriminatory treatment will continue; and show that it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future." *Id.* (brackets in original; internal quotations omitted) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). A federal court must take care to determine whether plaintiff has offered evidence of a "real and immediate"—and not just a "conjectural or hypothetical"—threat of a future violation of his rights. *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Plaintiff always bears the burden of showing standing to sue. *Id.* (citing *Lujan,* 504 U.S. at 561).

Abreu alleged in his unverified complaint that after visiting Harold's a single time in March 2016, he was denied full and safe entry into the restaurant and, once in, from using the facility in the same way that the nondisabled do. It is reasonable to infer that this discriminatory treatment occurred and will likely continue, given Harold's non-denial of the violations, along with Harold's admission that it accommodates the disabled by taking their food orders out to their vehicles.

However, the record is devoid of any evidence that would allow a reasonable inference that based on Abreu's single visit to Harold's, during a random trip from his residence in Florida, he intends to return to Harold's. While Abreu generally asserted in his complaint that he intends to return to Harold's at some unknown point in the future as a customer and ADA tester, Harold's denies this point. Moreover, at no point does Abreu claim that he would visit Harold's but for the alleged ADA violations, and he does not even show an intent to return to the

4

geographic area of Merrillville, Indiana (where Harold's is located), except to confirm ADA compliance. Accordingly, on the record before it, the Court is unable to reasonably infer, based on the non-existence of other past visits to the restaurant, Harold's living on the other side of the country, and his unspecified vague assertion that he'll likely return at some point in the future, that Abreu has established standing to pursue his claim for injunctive relief against Harold's. *See Scherr*, 703 F.3d at 1075 (citing *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) ("Although plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, they must at least prove knowledge of the barriers and that they would like to visit the building in the imminent future but for those barriers.") (citations omitted)); *see also, Matthews v. Waukesha Cnty.*, 759 F.3d 821, 824 (7th Cir. 2014) ("Although [a non-movant on summary judgment] is entitled to the benefit of reasonable inferences, that does not extend to inferences that are supported only by speculation or conjecture.") (citation omitted).

Thus, despite being past the discovery stage in this litigation, Abreu has not provided sufficient allegations, nor offered any evidence, to show that his threat of future injury is either concrete, particular, actual or imminent, so as to give him standing at this time to pursue his claim for prospective relief against Harold's. Given this deficiency, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975). If, after an opportunity to substantiate the allegations of his complaint with respect to his standing to pursue the lawsuit, "the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Id*. at 502.

## IV.  CONCLUSION

Because the parties have not adequately addressed the jurisdictional issue as discussed herein, the Court STRIKES the parties' motions for summary judgment [DE 20; DE 22] as premature, with leave to re-file such motions addressing the merits once standing is established. The plaintiff has until May 1, 2018 to file an amended complaint setting forth particularized allegations of fact supportive of plaintiff's standing. Should the amended complaint fail to establish standing sufficient to secure this Court's jurisdiction, then the case will be subject to immediate dismissal. Defendant will have until June 1, 2018 to file a responsive pleading.

SO ORDERED.

ENTERED:  March 28, 2018

                                                 /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court