UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SANTIAGO ABREU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-CV-243-JD |
| | ) |
| HAROLD'S CHICKEN SHACK #60, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Santiago Abreu ("Abreu") claims that Defendant Harold's Chicken Shack #60, LLC ("Harold's"), is violating Title III of the Americans With Disabilities Act (the "ADA"). *See* 42 U.S.C. § 12181 *et seq.* Because Abreu's Complaint failed to establish his standing to pursue his claim for prospective relief against Harold's, the Court afforded him an opportunity to substantiate the allegations of his Complaint. Thus, Abreu filed an Amended Complaint [DE 27], to which Harold's has moved to dismiss for lack of standing [DE 28]. In response, Abreu unconventionally filed its own verified motion [DE 29]—that is, one for summary judgment, but it is unaccompanied by any evidence. For the reasons stated below, the Court denies both motions.

**I. FACTUAL BACKGROUND**

Because no admissible evidence has been produced in support of the motions, the Court sets forth the facts asserted in the Amended Complaint [DE 27]. The allegations establish that Harold's is a public restaurant located at 6690 Broadway in Merrillville, Indiana. Abreu is a resident of Palm Beach County, Florida, who visited Harold's on March 24, 2016, as a customer. However, Abreu was unable to fully and safely access Harold's pathway to the entrance, check-

out counter, and men's restroom due to architectural barriers that prevented use of his wheelchair (which is needed on account of Abreu's suffering from multiple sclerosis and paraparesis). Abreu indicates that he will return to the Merrillville area next Summer, as he does twice every year, in order to seek treatment for his disability and to visit friends. Abreu alleges that he would return to Harold's if it ceased its discriminatory conduct and modified the facility in order to accommodate individuals with physical disabilities. Thus, Abreu asks the Court to declare that Harold's is in violation of the ADA and related accessibility guidelines, to require Harold's to comply with the ADA, and to award the fees, costs, and expenses associated with the litigation.

Rather than file an Answer to the Amended Complaint, Harold's moved to dismiss the Amended Complaint arguing that Abreu lacks standing to bring the ADA claim.

## II. STANDARD OF REVIEW

Rule 12(b)(1) authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which in this case is Abreu. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

Although Abreu argues that the motion to dismiss ought to be converted into a motion for summary judgment, *see*, Fed. R. Civ. P. 12(d), the Court declines the request. First, generally speaking, a "district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Second, with respect to this case, no evidence was submitted for the Court's consideration.

If, at some point, Harold's intends to lodge a factual challenge rather than a facial challenge to jurisdiction, then it will need to submit *evidence* (not just threadbare allegations) calling Abreu's standing into question. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-46 (7th Cir. 2009) (internal citation omitted). At that point, "[t]he presumption of correctness that . . . [is] accord[ed] to a complaint's allegations fall[] away," and Abreu would then have the burden of coming forward with competent proof that standing exists. *See id.* (citation omitted).

### III. DISCUSSION

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation by the owner, lessee, or operator of such a place. 42 U.S.C. § 12182(a). "The core meaning of this provision, plainly enough, is that the owner or operator of a store, hotel, restaurant, . . . or other facility (whether in physical space or in electronic space . . . ) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999) (internal citation omitted). Although the ADA "generously confer[s] the right to be free from disability-based discrimination, Congress [cannot] abrogate the Art. III minima: A plaintiff must always have suffered 'a distinct and palpable injury to himself,' that is likely to be redressed if the requested relief is granted." *Ortiz v. Westchester Med. Ctr. Health Care Corp.*, No. 15 CIV. 5432 (NSR), 2016 WL 6901314, at *5 (S.D.N.Y. Nov. 18, 2016) (internal citations and citations omitted). Thus, in order to establish standing, a plaintiff must show: "(1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

The second and third elements of *Lujan* are not at issue here,[1] and the only question is whether Abreu is presently suffering a sufficiently "concrete and particularized" and "actual or imminent" injury to satisfy the Court's "injury in fact" requirement. *See Scherr*, 703 F.3d at 1074. Because Abreu seeks injunctive relief, and to establish injury in fact when seeking prospective injunctive relief, Abreu must allege a "real and immediate" threat of future violations of his rights (in this case, his rights under the ADA). *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016). The threat of future injury can be shown by an intent to return to or use the public accommodation, *Scherr*, 703 F.3d at 1074, but it can also be shown by establishing that the plaintiff is reasonably deterred from the accommodation because of the discrimination. *See Access Living of Metro. Chicago v. Uber Techs., Inc.*, 351 F. Supp. 3d 1141, 1149 (N.D. Ill. 2018) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) (en banc); *Scherr v. Marriot Int'l, Inc.*, 833 F.Supp.2d 945, 951 (N.D. Ill. 2011), *aff'd*, 703 F.3d 1069 (7th Cir. 2013)).

While it is true that Abreu resides in the Southern Region of the United States, which is a significant distance from Merrillville, Indiana, Abreu claims that he has traveled to the Merrillville area twice each year for purposes of seeking medical treatment for his disability and visiting friends. He also alleges that he "will return" next July for these same reasons. Per Abreu, during these regularly scheduled annual trips to the Merrillville area, were it not for Harold's

---

[1] The uncontested allegations of the Amended Complaint establish that Abreu visited Harold's on March 24, 2016, as a customer that required use of a wheelchair. At that time, Abreu was unable to safely access Harold's uneven and overly steep pathway to the entrance, unable to use the excessively high check-out counter, and unable to fully utilize the men's restroom facilities due to architectural barriers. Therefore, it is clear that Abreu's assertions, taken as true, establish that he suffered a past injury. And, per Abreu, there is no indication that the owner or operator of Harold's has attempted to remedy these alleged barriers.

failing to reasonably accommodate the physically disabled (as he personally experienced), then Abreu would return to Harold's.

Given these factual contentions, the Court finds that at this stage of the proceedings, Abreu faces a "real and immediate" threat that he will be subjected to a violation of his rights sufficient to confer standing. *See Hummel*, 817 F.3d at 1019–20 (7th Cir. 2016) (the possibility of future injury need not be certain, but there must be at least a substantial risk that such harm will occur) (citing *American Bottom Conservancy v. United States Army Corps of Engineers*, 650 F.3d 652, 658 (7th Cir. 2011) (holding that certainty is not required; but probable harm is enough); *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010) (stating that "probability of future injury counts as 'injury' for the purpose of standing")). Abreu's future plans (as stated at the time the Amended Complaint was filed) are much more specific than the vague and speculative "some day" intentions that troubled the Supreme Court in *Lujan*. *See Lujan*, 504 U.S. at 564 (holding that "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require."). Moreover, Abreu's upcoming plans to return every year to the same area for medical treatment and to visit friends (as he has in the past) are sufficient to support a plausible inference that Abreu would like to return to Harold's, but for its continued structural barriers for the wheelchair bound. *See id*. Given Abreu's past history of and future plans to travel to the Merrillville area, along with his affirmative desire to frequent Harold's but for the alleged violations, Abreu has standing to pursue his claim for injunctive relief against Harold's.

One last matter must be resolved—that is, Abreu's motion for summary judgment. Despite the fact that judicial records reveal that Abreu is a plaintiff in just over two hundred state

and federal cases (pending in Arizona, Colorado, Florida, Illinois, Indiana, Michigan, and New York), with his attorney of record representing him in at least twenty of those cases, the plaintiff's motion for summary judgment fails to comply with the federal rules. Specifically, no admissible evidence was provided in support of the motion for summary judgment in accordance with Federal Rule of Civil Procedure 56(c)(1). While the motion itself is verified, it only states unhelpful legal conclusions [DE 29]. At the summary judgment stage, the plaintiff can no longer rest on mere allegations, but must set forth by affidavit or other evidence specific facts. *See Midwest Fence Corp. v. United States Dep't of Transportation*, 840 F.3d 932, 939 (7th Cir. 2016). Nor will the Court permit the parties to rely on prior judicial opinions or mooted pleadings as a form of evidence (as Abreu did) to support or oppose summary judgment. *See Hummel*, 817 F.3d at 1017 (citing Rule 56(c)(1)(A)). Finally, because the motion for summary judgment was simultaneously filed as a response to Harold's motion to dismiss, it appears Harold's only replied to the issue of standing, rather than taking the opportunity to address the merits of any ADA violation. Rather than risk a dispositive ruling based on a misstep of counsel, compliance with the rules will ensure that the Court can resolve any motion for summary judgment on the merits. *See, e.g., Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010).

These procedural problems have helped take this case long past the discovery stage and its needed disposition (by way of a properly filed dispositive motion or trial). Accordingly, Harold's has until April 10, 2019, to file an Amended Answer to the Amended Complaint, and the parties have until May 6, 2019, to file any motions for summary judgment, with any responses due by June 3, 2019, and any replies to be filed by July 17, 2019.

## IV.  CONCLUSION

For the reasons set forth above, the Court DENIES the motion to dismiss [DE 28] and the motion for summary judgment [DE 29].

SO ORDERED.

ENTERED:  March 27, 2019

                                          /s/ JON E. DEGUILIO
                                     Judge
                                     United States District Court